## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Scott J. Peloquin

October 6, 1995

Case No. (Criminal) M002258

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came for trial before this Court on September 28, 1995, on the charge of Driving Under the Influence of Alcohol in violation of § 18.2-266 of the Code of Virginia.

The Commonwealth presented evidence from an independent witness who alleged that he was driving in the left lane of I-495 about 3:00 to 3:10 p.m. when his vehicle was struck in the rear by the defendant's vehicle. Both vehicles stopped shortly after impact, and the police arrived a few minutes thereafter. The witness testified that the defendant did not eat or drink anything in the interim and did not leave the scene.

A Virginia State Trooper testified that he arrived on the scene and found minor damage to the front of the defendant's vehicle, with more significant damage to the rear of the witness' vehicle. By that time, the vehicles had been moved to the left shoulder of the road. In speaking with the defendant, the officer noticed a strong odor of alcohol about his person along with red, watery eyes. The officer asked the defendant if he had had anything to drink, and the defendant replied that he had consumed one beer. The defendant also advised that he had nothing to drink following the accident. The officer had the defendant perform four field sobriety tests (heel to toe, one leg stand, reciting the alphabet, and counting backwards). The defendant performed well on the field tests with the exception of his first attempt at reciting the alphabet. The officer administered a field alkasensor test and placed the defendant under arrest at 3:51 p.m. He advised the defendant of the implied consent law and took him to the Braddock

Road Station for a breath test. A certificate of analysis was offered into evidence and objected to by the defense, which objection the Court took under advisement.

The defendant moved to strike the Commonwealth's evidence on two grounds. First, the defendant contends that there was insufficient evidence that the arrest took place at the scene of an accident, and hence, no warrantless arrest under § 19.2-81 was authorized. The Court denied the motion to strike on that grounds because the testimony clearly was that the arrest took place at the scene of the accident. Second, the defendant moved to strike the evidence on the grounds that no probable cause existed to arrest the defendant. The defendant asserted that an odor of alcohol, red and watery eyes, and a rear-end accident do not provide such probable cause. The defendant generally performed well on the field sobriety tests, and the results of the field alkasensor test were not offered. The Commonwealth moved to reopen the case to place into evidence the results of the field alkasensor test on the grounds that such results are not admissible as to the guilt or innocence of an accused but are admissible for showing probable cause. The Court initially denied the request to allow the Commonwealth to open the case. On reconsideration, the Court held that the alkasensor results were not placed into evidence by the Commonwealth because there was no indication by the defense that probable cause was an issue (no motion to suppress having been filed) and the interest of justice would be best served by allowing those results into evidence for the limited purpose of determining probable cause. The Court then allowed the Commonwealth to reopen its case for that limited purpose. The officer testified that the results of the field alkasensor tests were .2. On cross-examination, the officer testified that he had advised the defendant that the defendant was not obligated to take a field alkasensor test and that the results of the field alkasensor test would not be used against him. The defendant then moved to strike the field alkasensor test results on the grounds that admitting them to determine probable cause would be using them against the defendant, which the officer advised the defendant would not be done and which promise undoubtedly lead to the defendant consenting to the test.

The certificate of analysis at the Braddock Road Station showed an alcohol level of .18.

The Court found that without the field alkasensor test, probable cause to arrest the defendant was lacking; that there was a reasonable suspicion to administer the field alkasensor test; and that the results of the field alka-

sensor test gave the officer probable cause to arrest the defendant. The Court took under advisement whether the officer's statement that the field alkasensor test would not be used against the defendant should result in granting a motion to strike. The defense put on no evidence.

The Court now holds and rules that the officer's statement to the defendant that the field alkasensor test would not be used against him does not make the results of that test inadmissible for probable cause purposes. As a result, the Court denies the motion to strike, admits into evidence the certificate of analysis, and finds the defendant guilty of the charge of driving under the influence of alcohol.

This matter is set for October 13, 1995, for sentencing.